07-5257-cv
*The Chiumento Group v. Operating Local 649*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten,

PRESENT:

BARRINGTON D. PARKER,
*Circuit Judge,*[*]

CHARLES S. HAIGHT,
*District Judge.*[**]

_____

Jeanne Chilton, individually and on behalf of all others similarly situated,

*Plaintiff,*

The Chiumento Group, Charles Chiumento, Maurice Benoudiz, Vivaine Benoudiz, Charles Walkiewicz, David F. Zagunis,

*Movants-Appellants,*

_____

[*]The Honorable Sonia Sotomayor, originally a member of this panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. § 46(d); Internal Operating Proc. E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

[**]The Honorable Charles S. Haight, Jr., United States District Court Judge for the Southern District of New York, sitting by designation.

Katherine E. Shropshire, Harold Levine,

*Consolidated-Plaintiffs-Appellants*       **No. 07-5257-cv**
                                                         **SUMMARY ORDER**

-v .-

Smith Barney Fund Management LLC, Citigroup Global Markets, Inc., Lewis Daidone, Thomas Jones,

        *Defendants*,

Operating Local 649 Annuity Trust Fund,

        *Plaintiff-Appellee.*

_____

| FOR APPELLANTS: | Jules Brody, Mark Levine, *for* Stull, Stull & Brody; Joseph H. Weiss, Richard A. Acocelli, *for* Weiss & Lurie, New York, N.Y.. |
|---|---|
| FOR APPELLEES: | U. Seth Ottensoser, Joseph R. Seidman, Jr., Ann M. Lipton, *for* Bernstein Liebhard & Lifshitz, LLP, New York, N.Y. |

_____

Appeal from an order of the United States District Court for the Southern District of New York (Pauley, *J.*), appointing Appellees as lead plaintiffs and their counsel as lead counsel.[***]

**UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this appeal of the order of the district court is AFFIRMED.**

Appellants (collectively, "the Chiumento Group"), appeal from an order of the United States District Court for the Southern District of New York (Pauley, *J.*) appointing Appellees (collectively, "Local 649") as lead plaintiffs in this securities class action litigation and appointing Appellees' counsel, Bernstein Liebhard & Lifshitz, LLP, as lead counsel. As required by the

_____

[***]This case was argued in tandem with *Chilton v. Smith Barney Fund Management LLC*, No. 07-5125-cv, which will be decided in a separate opinion.

Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the District Court based its selection of lead plaintiff on its determination of "which member or members of the purported plaintiff class . . . [were] most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Finding that Local 649 had a "significantly greater" financial interest in the relief sought than the Chiumento Group, the court concluded that Local 649 was presumptively the most adequate plaintiff under the PSLRA. Because Local 649 also satisfied Federal Rule of Civil Procedure 23(a)'s requirements that a class representative have "claims . . . typical of the class" and be capable of "fairly and adequately protect[ing] the interests of the class," the court deemed Local 649 as an adequate appointment as lead plaintiff. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

We review a district court's appointment of a lead plaintiff for abuse of discretion. *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 83 (2d Cir. 2004). The PSLRA provides that a court should appoint as lead plaintiff "the member or members of the purported plaintiff class that [it] determines to be most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The plaintiff with the "largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of [Fed. R. Civ. P.] 23" is presumptively the most adequate plaintiff. *Id.* § 78u-4(a)(3)(B)(iii)(I). The Rule 23 requirements applicable here mandate that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class," Fed. R. Civ. P. 23(a)(3) (the "typicality" requirement), and that "the representative parties . . . fairly and adequately protect the interests of the class," Fed. R. Civ. P. 23(a)(4) (the "adequacy" requirement).

We are satisfied that Local 649 has established its significant financial interest in the outcome of this litigation. We are also satisfied that Local 649 meets the class requirements of Rule 23. For these reasons and those outlined in the district court's opinion, we find no abuse of discretion in the court's selection of lead plaintiff and lead counsel.

The order of the District Court is AFFIRMED.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk