10-562-cr
United States v. Tzolov (Butler)

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of June, two thousand eleven.

PRESENT:
> WILFRED FEINBERG,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee-Cross-Appellant*,

-v.-                              10-562-cr (Lead)
                                  10-754 (XAP)

JULIAN TZOLOV,

*Defendant*,

ERIC BUTLER,

*Defendant-Appellant-Cross-Appellee.**

_____

* Docket Number 10-754 was closed by stipulation filed on September 24, 2010.

FOR APPELLANT:        STEVEN F. MOLO, Edward F. Daniels, New York, NY (Robert K. Kry, Washington, DC, *on the brief*), Molo Lamken LLP; Paul T. Weinstein, Emmet, Marvin & Martin, LLP, New York, NY, *on the brief*.

FOR APPELLEE:        JOHN P. NOWAK, (Daniel A. Spector & Jo Ann M. Navickas, *on the brief*), Assistant U.S. Attorney *for* the Eastern District of New York, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant appeals from a judgment of conviction and sentence of the United States District Court for the Eastern District of New York (Weinstein, *J.*).  Appellant objects, *inter alia*, to the introduction of certain evidence, as well as to the district court's sentencing calculation.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

---

[1]  Appellant also argues that venue was not properly laid in the Eastern District of New York.  We address this issue in a separate opinion in which we reverse Butler's conviction for securities fraud and affirm his conviction as to the remaining challenged counts and remand for further proceedings.

Appellant objects to the introduction of a recorded conversation between Notarnicola—one of Appellant's customers and victims—and Appellant and his co-defendant. In this conversation, Notarnicola made detailed and repeated accusations of fraud against the defendants, at times reading directly from the language of the statutes under which defendants were eventually charged. The government offered the recording for a supposed non-hearsay purpose: accompanied by testimony from Appellant's co-defendant, it was employed as evidence of the defendants' evasive or untruthful responses to those accusations, constituting part of their overall fraudulent scheme.

We recognize that there are serious concerns over the propriety of the district court allowing this tape into evidence. The recording's prejudicial effect very likely outweighed its probative value. However, we review evidentiary rulings for abuse of discretion. *See, e.g.*, *United States v. Lombardozzi*, 491 F.3d 61, 78-79 (2d. Cir. 2007). Furthermore, those rulings are subject to harmless error analysis. *See, e.g.*, *United States v. Madori*, 419 F.3d 159, 168 (2d. Cir. 2005). We conclude that any error resulting from the introduction was harmless, as the

remaining evidence was more than sufficient to convict Appellant. Thus, we need not decide whether the district court abused its discretion. *See* Fed. R. Crim. P. 52(a).

Appellant also objects to the district court's enhancement of his sentence, when the court determined that the loss inflicted was not readily calculable, and instead based its offense level calculation on Appellant's gain, pursuant to U.S. Sentencing Guidelines Manual § 2B1.1 n.3(B) (2010). That provision states that "[t]he court shall use the gain that resulted from the offense as an alternative measure of loss only if there is a loss but it reasonably cannot be determined."

We review a district court's legal interpretation of the Sentencing Guidelines *de novo*, and review underlying factual findings for clear error. *See, e.g.*, *United States v. Canova*, 412 F.3d 331, 351 (2d Cir. 2005). Judge Weinstein found that Appellant inflicted pecuniary loss on his victims, but that the amount of loss could not reasonably be determined. Therefore, he appropriately used the gain realized by Appellant, in the form of commissions earned on the fraudulent sales, as an alternative measure of loss pursuant to the Guidelines provision quoted above. His

4

factual findings present no clear error, and his interpretation of the Guidelines meets *de novo* review.  The sentencing calculation below was not erroneous.

We have considered Appellant's remaining contentions, and find them without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```