11-3945-cr(L)11-4040-cr (Con)
United States v. Butler

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd  day of October, two thousand twelve.

PRESENT:
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*[*]

_____

UNITED STATES OF AMERICA,
> *Appellee,*

v.                          Nos.   11-3945-cr (L)
                                                       11-4040-cr (Con)

ERIC BUTLER,
> *Defendant-Appellant.*

_____

FOR APPELLANTS:          YVONNE SHIVERS, Levitt & Kaizer, New York, New York, *for* Eric Butler.

---

[*] The Honorable Raymond J. Lohier, originally a member of the panel, recused himself shortly before or argument.  The two remaining members of the panel, who are in agreement, have determined the matter.  <u>See</u> 28 U.S.C. § 46(d); 2d Cir. IOP E(b); <u>cf.</u> <u>United States v. Desimone</u>, 140 F.3d 457 (2d Cir. 1998).

FOR APPELLEES: DANIEL A. SPECTOR, Assistant United States Attorney (Peter A. Norling, John P. Nowak, Assistant United States Attorneys, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York, *for Appellee*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2009, Defendant-Appellant Eric Butler and a co-conspirator were convicted by jury of one count of securities fraud and one count each of conspiracy to commit securities and wire fraud. The United States District Court for the Eastern District of New York (Jack B. Weinstein, *J.*) sentenced Butler principally to a term of five years of imprisonment, with the sentence stayed pending appeal. A panel of this court affirmed the conspiracy convictions, see United States v. Tzolov, 642 F.3d 314 (2d Cir. 2011), and Butler's sentence, see United States v. Tzolov, 435 F. App'x 15 (2d Cir. 2011), but vacated the wire fraud conviction on the basis of improper venue, see 642 F.3d at 318-19, and remanded for resentencing. On remand, Butler waived his objection to venue and pled guilty to securities fraud and seven counts of wire fraud. The district court held a new hearing, after which it once again sentenced Butler to five years of imprisonment. Butler now appeals his new sentence. We assume familiarity with the facts of Butler's criminal conduct, which are detailed more fully in the panel's original opinion. See 642 F.3d at 314-18.

2

Butler argues first that based on newly available evidence, this Court should overrule the original appellate panel's approval of the district court's use of Butler's gain as a substitute for loss in calculating the Guidelines range for his sentence. Under U.S.S.G. § 2B1.1 cmt. 3(A), only loss that is either intended or foreseeable qualifies as loss. U.S.S.G. § 2B1.1 cmt. 3(B) permits the perpetrator's gain to stand in for loss when "there is a loss but it reasonably cannot be determined." Thus, Butler argues, if there is no actual or intended loss, gain is not a proper substitute, since it is not true that "there is a *loss*" within the meaning of the Guidelines. Here, the district court found that Butler did not intend a loss, so if the new evidence demonstrates that no actual loss was foreseeable as a result of Butler's conduct, neither loss *nor* gain may factor into his Guidelines calculation.

This argument faces several hurdles, the most basic of which is that the original panel already rejected essentially the same argument. See 434 F. App'x at 16. Under the law of the case doctrine, this panel will stand by that decision unless moved by "cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." United States v. Quintieri, 306 F.3d 1217, 1230 (2d Cir. 2002) (internal quotation marks omitted). The purportedly new evidence upon which Butler relies – which, read in the light most favorable to him, suggests that even sophisticated players did not fully understand the risks in the housing market in 2006 – does not meet that exacting standard. Butler manifestly placed his victims at risk of loss by lying about the type of securities he

3

was purchasing on their behalf. Butler told clients that he was purchasing securities created from government-guaranteed student loans, when in fact he was purchasing instruments tied to the housing market, in which loans were not government-guaranteed. Both the district court and the prior panel found that his victims' losses were foreseeable, and Butler's evidence, even if credited, does not call that finding into question. We therefore decline to reconsider our earlier ruling.

Butler's second argument is that the district court did not appreciate his extensive post-sentencing rehabilitation efforts when, on remand, it sentenced him again to a five-year term of imprisonment. This argument is also meritless. Although we do not question Butler's newly reflective attitude toward his criminal conduct or the steps he has taken to help children in his community, he presents no evidence that the district court failed to consider these facts in violation of its duties under 18 U.S.C. § 3553(a). Indeed, the district court's approach to the resentencing – including hearing live testimony from Butler, his attorney, and four witnesses on the subject of his rehabilitation – was laudably thorough. Despite Butler's displeasure with the district court's weighing of the § 3553(a) factors, there is no basis for us to conclude that the district court's below-Guidelines sentence, which also included seven new additional counts of wire fraud, was procedurally or substantively unreasonable. Pepper v. United States, 131 S. Ct. 1229 (2011), is not to the contrary. That decision held that a court may consider post-conviction rehabilitation, which the district court did amply in this case, but did not hold that a lesser sentence is required after such consideration. Id. at 1249 n.17.

4

We have considered all of appellant's arguments and found them without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk