Alexander v. Murdoch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of November, two thousand twelve.

**PRESENT:**
> **GERARD E. LYNCH,**
> **RAYMOND J. LOHIER, JR.,**
> *Circuit Judges.*[*]

---

**Martin Alexander,**

> *Plaintiff-Appellant*,

> v.                                                                          **11-4291**

**Keith Rupert Murdoch,** *et al.*,

> *Defendants-Appellees*,

**News Corporation, Inc.,**

> *Defendants*.

---

[*] The Honorable Jon O. Newman, originally a member of the panel, recused himself shortly before or argument. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *cf. United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

**FOR PLAINTIFF-APPELLANT:**  Martin Alexander, *pro se*, Youngstown, OH.

**FOR DEFENDANTS -APPELLEES:**  Dale M. Cendali, Joshua L. Simmons, Kirkland & Ellis LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Martin Alexander, proceeding *pro se*, appeals from the district court's judgment granting the defendants' motion to dismiss his amended complaint in his action for copyright infringement and related claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of a motion to dismiss *de novo*, accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, because Alexander is proceeding *pro se*, we construe his complaint liberally. *Harris*, 572 F.3d at 72.

Here, an independent review of the record and relevant case law reveals that the district court properly granted the defendants' motion to dismiss. As an initial matter, the district court did not err in declining to convert defendants' motion to dismiss into a motion for summary judgment under Rule 56. When a motion to dismiss concerns a claim of copyright infringement, the district court may analyze the works in question to evaluate an allegation of substantial

2

similarity. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010). Alexander complains that the district court inappropriately considered other materials that were submitted by the defendants and not relied upon in the complaint, such as plot summaries and character descriptions. Nothing in the record suggests that the district court analyzed Alexander's copyright infringement claim in reliance on defendants' supplemental materials rather than on the primary source materials. To the extent the district court considered defendants' materials at all, it properly treated them as advocacy, rather than as factual allegations.

The analysis of Alexander's copyright infringement claim is straightforward. Whether the "ordinary observer" or "more discerning observer" test is employed, the appropriate inquiry is whether the copying of protectable elements "is quantitatively and qualitatively sufficient to support a finding of infringement." *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 70 (2d Cir. 1999) (internal quotation marks omitted). In applying this test, "we examine the similarities in such aspects as the total concept and feel, theme, characters, plot, sequence, pace and setting." *Williams v. Crichton*, 84 F.3d 581, 588 (2d Cir. 1996). As applied, for the reasons thoroughly articulated by the magistrate judge, the sparse and minor similarities between the allegedly infringing work—the television series "Modern Family"—and the copyrighted work—the pilot treatment for the television series "Loony Ben"—are insufficient to establish infringement.

To the extent the works share a common concept, they do so only "[a]t the most general level." *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 49 (2d Cir. 1986). A claim of substantial similarity must be based on "something more than mere generalized ideas or themes." *Id*. at 48-49 (internal quotation marks omitted). In addition, specific overlapping character traits and plot

3

aspects identified by Alexander reflect superficial and *de minimis* details, *Warner Bros., Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 242 (2d Cir. 1983) (copyright does not prohibit "literal copying of a small and usually insignificant portion of the plaintiff's work"); involve general abstractions insufficiently developed to merit protection, *see Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121-22 (2d Cir. 1930); or are "standard[ ]in the treatment of [the] given topic" of modern family life, and are therefore unprotectable *scènes à faire*, *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 979 (2d Cir. 1980) (internal quotation marks omitted).  We therefore affirm for substantially the same reasons stated by the district court in its July 2011 decision and by the magistrate judge in his May 2011 report and recommendation.

In addition to appealing the district court's summary judgment ruling, Alexander moves to impose sanctions against the defendants pursuant to Fed. R. Civ. P. 11(b).  Rule 11 sanctions are more appropriately sought in district courts.  *See O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990).  In any event, Alexander's motion is premised on allegations of misconduct that are either wholly unsupported by the record or demonstrably false.  Alexander's disagreement with the defendants' and district court's assessment of the merits of his claims does not justify the baseless and extreme accusations of misconduct in his motion and briefs.

We have considered all of Alexander's remaining arguments on appeal and find them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED**, and Alexander's motion for sanctions is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4