Romero-Flores v. Barr

BIA
Christensen, IJ
A206 688 042/043

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty.

PRESENT:
>           JON O. NEWMAN,
>           JOHN M. WALKER, JR.,
>                   *Circuit Judges*.[1]

_____

GLENDA XIOMARA ROMERO-FLORES,
DIEGO SAUL SANTOS-ROMERO,
>           *Petitioners*,

>   v.                                          17-2263
>                                               NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>           *Respondent*.

_____

FOR PETITIONERS:            Peter E. Torres, New York, NY.

FOR RESPONDENT:             Chad A. Readler, Acting Assistant
                            Attorney General, Civil Division;
                            Claire L. Workman, Senior
                            Litigation Counsel; Maarja T.
                            Luhtaru, Trial Attorney, Office of

---

[1] The panel originally included Circuit Judge Christopher F. Droney, who fully retired from the court on December 31, 2019. This case is decided by the remaining two judges, consistent with section E(b) of the Internal Operating Procedures of the Second Circuit.

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Glenda Xiomara Romero-Flores and her son Diego Saul Santos-Romero, natives and citizens of Honduras, seek review of a June 30, 2017, decision of the BIA affirming a January 9, 2017, decision of an Immigration Judge ("IJ") denying Romero-Flores's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Glenda Xiomara Romero-Flores, Diego Saul Santos-Romero*, Nos. A 206 688 042/043 (B.I.A. June 30, 2017), *aff'g* Nos. A 206 688 042/043 (Immig. Ct. N.Y. City Jan. 9, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Y.C. v. Holder*, 741 F.3d 325, 332 (2d Cir. 2013).

2

Because Romero-Flores expressly waives her CAT claim, we address only asylum and withholding of removal. To establish eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *id.* § 1231(b)(3)(A); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). Asylum or withholding of removal "may be granted where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). An applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 291 (2d Cir. 2007).

Romero-Flores has waived her claim that she was harmed on account of her political opinion or membership in a social group based on her gender; she presses only her family-based social group claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

3

Substantial evidence supports the agency's determination that Romero-Flores failed to demonstrate that the harm she suffered or fears would be on account of her membership in a family-based social group. Romero-Flores's testimony regarding a connection between the robbery of her store in 2014, and her father, who had previously owned the store and had been robbed and killed by gang members in 1989, was speculative given the length of time between those events and the fact that the only connection she could make is that the gang members may have known that the store was robbed in the past and thus thought it would be a good target. However, she also testified that the people who robbed her were not the people who killed her father, and she did not have any reason to think that they were connected to her father's killers. Her attempt to identify a nexus between her harm and a social group of her family members was further undermined by her concession that, other than her father, no family members had been threatened by gang members. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding claimed fear of future persecution weakened when similarly situated family members remain unharmed in petitioner's native country). Finally, Romero-Flores also acknowledged that the men who robbed her would not have been

4

interested in her if she did not have money. This record provides substantial evidence for the agency's conclusion that Romero-Flores was targeted because she was thought to have money. This harm as a result of "general crime conditions" does not constitute persecution on account of a protected ground. *Id.* at 314; *see Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) ("harm motivated purely by wealth is not persecution"). This nexus determination is dispositive of both asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A)

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe,
                                Clerk of Court

5