**UNITED STATES of America, Appellee,**

v.

**Frank DESIMONE, Sr.; Thomas Gagliardi, aka "Tommy"; Louis Esa, aka "A.J. Duhe," aka "John McQuire," aka "Louis"; Felix Nunez; Earl Reynolds, aka "Robert Reynolds," aka "Bob," aka "Boo–Boo"; Carl Rogasta, aka "Carmen Vignola," aka "Carlo"; Robert Santora, aka "Robert Amato"; Richard Sinde, aka "Richie," Defendants,**

**Pablo Fernandez, Defendant–Appellant.**

**Docket 96–1023.**

United States Court of Appeals, Second Circuit.

Petition for Rehearing Aug. 11, 1997.

Decided April 13, 1998.

---

Jeremy G. Epstein, Shearman & Sterling, New York City (Harmeet K. Dhillon, of counsel), for Defendant–Appellant.

Allen D. Applbaum, Assistant United States Attorney, Southern District of New York, New York City (Mary Jo White, United States Attorney for the Southern District of New York, Craig A. Stewart, Assistant United States Attorney, of counsel), for Appellee.

Before: WINTER, Chief Judge, CARDAMONE, Circuit Judge, and RESTANI,* Judge.

WINTER, Chief Judge:

This is a petition for rehearing. Familiarity with our decision is assumed. *United States v. Desimone*, 119 F.3d 217 (2d Cir. 1997). In that decision, a two-judge panel affirmed Fernandez's sentence of 121 months imprisonment following his conviction for conspiracy to distribute and possess with intent to distribute cocaine. The original panel consisted of Judges Cardamone and Mahoney of this court, and Judge Restani of the Court of International Trade, sitting by designation. After oral argument, Judge Mahoney passed away, and the decision was issued by a panel consisting of Judges Cardamone and Restani.

Fernandez's petition for rehearing contends that the panel's decision violated 28 U.S.C. § 46(b) because it was rendered by two judges, only one of whom was a judge of this court. Under Section 46(b), courts of appeals "may authorize the hearing and determination of cases ... by separate panels, each consisting of three judges, at least a majority of whom shall be judges of that court." This Section, however, "was not intended to preclude disposition by a panel of two judges in the event that one member of a three-judge panel to which the appeal is assigned becomes unable to participate." *Murray v. National Broadcasting Co.*, 35 F.3d 45, 47 (2d Cir.1994); *see also* 28 U.S.C. § 46(d) ("A majority of the number of judges authorized to constitute a court or panel thereof ... shall constitute a quorum."). Similarly, our local rules provide that where, *inter alia*, a judge of the original three-judge panel dies, "the two remaining judges will determine the matter if they are in agreement and neither requests the designation of a third judge." 2d Cir. R. § 0.14(b).

Fernandez's petition does not question the authority generally of two judges to render a decision in circumstances in which a member of the authorized panel is unable to participate. Rather, he contends that Section 46(b)'s requirement that a majority of a panel be members of the court applies to such two-judge decisions, *i.e.*, both judges must be members of the court. Believing that it would not be appropriate for a two-judge panel with only one member of this court to resolve this particular claim, a member of the panel requested the Chief Judge to designate a judge of the court to sit as a member of the panel hearing the petition for rehearing. I thereafter designated myself.

We deny the petition. As noted, Section 46(d) provides that a majority of judges of an authorized three-judge panel or court in banc shall constitute a quorum. Section 46(d) em-

---

* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

bodies no requirement that the quorum contain a majority of judges who are members of the court; it requires only that it be a majority of a legally authorized panel. *Cf. Lee v. Coahoma County,* 37 F.3d 1068, 1068 n. 1 (5th Cir.1993) (two-judge panel consisting of one judge of that court and one judge sitting by designation constitutes a "quorum"). This view of Section 46(d) is in no way inconsistent with the requirement of Section 46(b). Section 46(b) requires only that a three-judge panel, absent impossibility because of recusal or certification of a judicial emergency by the chief judge, have two members of the court on it when "authorized." Notably, it does not require that the ultimate decision on the merits be concurred in by a majority of members of the court. In the present case, the panel, when authorized, met the requirements of Section 46(b). When Judge Mahoney became unable to participate, Judges Cardamone and Restani constituted a quorum under Section 46(d). They had the power, therefore, to render a decision.

The petition for rehearing's claims regarding the substance of the panel's decision are also without merit, and the petition is denied.