The New York State Police Investigators Association v. The State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand twenty-two.

PRESENT: JON O. NEWMAN,
GERARD E. LYNCH,
*Circuit Judges.*[*]

———————————————————————

NEW YORK STATE POLICE
INVESTIGATORS ASSOCIATION, LOCAL
4 IUPA, AFL-CIO BY ITS PRESIDENT
JEFFREY KAYSER, JOSEPH BARRETT,
INDIVIDUALLY, TIMOTHY MULVEY,
ON BEHALF OF HIMSELF AND ALL
OTHERS SIMILARLY SITUATED, JAMES
O'CONNOR, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY
SITUATED, LAWRENCE SHEWARK, ON
BEHALF OF HIMSELF AND ALL OTHERS

---

[*] Judge Peter W. Hall, originally a member of the panel in this case, died on March 11, 2021. The two remaining members of the panel, who are in agreement, authorized the issuance of this Summary Order. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

SIMILARLY SITUATED, PATRICIA
HYNES, ON BEHALF OF HERSELF AND
ALL OTHERS SIMILARLY SITUATED,
JEFFREY KAYSER,

*Plaintiffs-Appellants*,

v.                                                            No. 18-3066-cv

KATHLEEN C. HOCHUL, IN HER
OFFICIAL CAPACITY AS GOVERNOR OF
THE STATE OF NEW YORK, PATRICIA A.
HITE, INDIVIDUALLY, REBECCA A.
CORSO, IN HER OFFICIAL CAPACITY AS
ACTING COMMISSIONER OF THE NEW
YORK STATE DEPARTMENT OF CIVIL
SERVICE, CAROLINE W. AHL, IN HER
OFFICIAL CAPACITY AS
COMMISSIONER OF THE NEW YORK
STATE CIVIL SERVICE COMMISSION,
LANI V. JONES, IN HER OFFICIAL
CAPACITY AS COMMISSIONER OF THE
NEW YORK STATE CIVIL SERVICE
COMMISSION, ROBERT L. MEGNA,
INDIVIDUALLY, ROBERT F. MUJICA, JR.,
IN HIS OFFICIAL CAPACITY AS
DIRECTOR OF THE NEW YORK STATE
DIVISION OF THE BUDGET, THOMAS P.
DINAPOLI, IN HIS OFFICIAL CAPACITY
AS COMPTROLLER OF THE STATE OF
NEW YORK,

*Defendants-Appellees*,

STATE OF NEW YORK, NEW YORK
STATE DEPARTMENT OF CIVIL
SERVICE, NEW YORK STATE CIVIL
SERVICE COMMISSION, NEW YORK
STATE AND LOCAL RETIREMENT

SYSTEM, NEW YORK STATE POLICE
AND FIRE RETIREMENT SYSTEM,

*Defendants.*

— — — — — — — — — — — — — — — — — — — — — — — — — —

FOR PLAINTIFFS-APPELLANTS:    MARK T. WALSH, Gleason, Dunn, Walsh & O'Shea, Albany, NY.

FOR DEFENDANTS-APPELLEES:    FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY.


Appeal from the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants the New York State Police Investigators Association, Local 4, IUPA, AFL-CIO ("NYSPIA") and current and former members of that union (collectively, "the NYSPIA Plaintiffs") appeal the judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*) granting summary judgment to Defendants-Appellees, various State officials (collectively, "the State") on all claims in this contractual and constitutional

3

dispute growing out of the State's 2011 decision to alter its rates of contribution to retired former employees' health insurance plans. We assume the parties' familiarity with the facts, the procedural history of the case, and the specifications of issues on appeal, which we set forth only as necessary to explain our decision.

We reserved decision in this case pending disposition of *Donohue v. Hochul*, No. 18-3193-cv, which was designated both in the district court and in this Court as the lead case of eleven related cases alleging breach of contract and constitutional contract-impairment claims based on the alteration of State health insurance contribution rates for retirees. Following this Court's final disposition of *Donohue*, we directed the parties in this and the other related cases "to file letter-briefs stating their views on how their case should be resolved in light of *Donohue v. Cuomo* ('*Donohue II*'), 980 F.3d 53 (2d Cir. 2020), *Donohue v. Cuomo* ('*Donohue III*'), 38 N.Y.3d 1 (2022), and *Donohue v. Hochul*, [32 F.4th 200 (2d Cir. 2022)] ('*Donohue IV*')," addressing in particular "the extent to which anything in the collective bargaining agreements at issue in the case, or any other circumstances specific to the case, distinguish the case from *Donohue*." ECF No. 115 at 2.

The NYSPIA Plaintiffs' breach of contract and contractual impairment

4

claims, like those in *Donohue*, necessarily fail absent provisions guaranteeing a lifetime vested right to continuous contribution rates from the State for retirees. *See Donohue IV*, 32 F.4th at 206. In their supplemental letter-brief, the NYSPIA Plaintiffs make two arguments for the existence of such a right, or at least ambiguity concerning it, with no parallel discussed in *Donohue.*

First, the NYSPIA Plaintiffs cite a provision stating that "[t]he State shall continue to provide all the forms and extent of coverage as defined by the contracts in force on [the date of the CBA] with the State's health and dental insurance carriers unless specifically modified or replaced pursuant to this Agreement." J. App'x at 1743. While not identical, that provision is similar to one at issue in *Donohue*, which provided that "[e]mployees covered by the State Health Insurance Plan have the right to retain health insurance after retirement upon completion of ten years of service." *Donohue II*, 980 F.3d at 72 (alteration in original). In *Donohue II*, before we had the benefit of the New York Court of Appeals's guidance, we noted that if "a 'right to retain coverage after retirement' is properly understood as a vested right . . . it is 'plausible' that the scope of a vested right to coverage would encompass a right to fixed costs such as co-pays or, perhaps, contribution rates." *Id.* at 73, quoting *Kolbe v. Tibbetts*, 22 N.Y.3d 344,

355 (2013). The same logic would seem to apply to a provision concerning "the forms and extent of coverage." J. App'x at 1743. But the New York Court of Appeals made clear in *Donohue III* that such language cannot "establish a vested right to lifetime fixed premium contributions" that extends past the duration of the CBA, 38 N.Y.3d at 19, and we accordingly held in *Donohue IV*, applying New York law, that it cannot support an inference of ambiguity, 32 F.4th at 208. In other words, the provision that the NYSPIA Plaintiffs cite is silent on a continuing right to a particular level of contribution payments, and thus, like the plaintiffs in *Donohue*, the NYSPIA Plaintiffs "ask us to infer" the existence of a lifetime vested right for retirees, or at least "ambiguity[,] from what the CBAs *do not say* rather than anything they *do say*," which, as a matter of New York law, we may not do, *Donohue IV*, 32 F.4th at 208; *see Donohue III*, 38 N.Y.3d at 17-18.

Second, the NYSPIA Plaintiffs attempt to distinguish their case from *Donohue* on the ground that the State conceded in two district court filings that an older CBA intended to last from 1999 to 2003, setting the State's contribution rates for active employees to 90% for individual coverage and 75% for dependent coverage, "remained in effect" at the time that the State modified the contribution rates for retirees. Appellants' Supp. Letter-Br. at 9, quoting J. App'x at 204. That

6

argument is not persuasive. While the State acknowledged in its statement of material facts below that, "[a]s of the filing of the Amended Complaint, on February 28, 2014, the 1999-2003 CBA remained in effect," J. App'x at 204, that acknowledgment is immaterial because that CBA did not expressly set contribution rates for retirees and, for the reasons explained above and in *Donohue IV*, 32 F.4th at 206-11, we cannot infer the existence of such rates from the CBA's silence.

The other representations to the district court that the NYSPIA Plaintiffs cite are not the concessions that the supplemental letter-brief makes them out to be. The NYSPIA Plaintiffs argue that by failing, in its response to the NYSPIA Plaintiffs' statement of material facts, to dispute the assertion that "the State . . . presented a formal collective bargaining proposal to NYSPIA which sought to modify the existing agreement as it pertained to the retiree health insurance premium contribution 90%/10% and 75%/25%," J. App'x at 2488, the State conceded that "there was an '*existing agreement* as it pertained to the *retiree* health insurance premium contribution" rates. Appellants' Supp. Letter-Br. at 9, quoting J. App'x at 2488 (emphasis in original). But admitting the existence of a proposal "to modify the existing agreement as it pertained to the retiree health insurance

premium contribution" rates, J. App'x at 2488, is not the same thing as admitting that that agreement, objectively and by its express terms, had anything to say about the rates for the State's contribution to retired former employees' health insurance plans. The NYSPIA Plaintiffs further argue that by acknowledging in its summary judgment brief below that the CBAs "guaranteed that the plaintiffs would receive the health insurance coverage that was in effect at the time of their retirement," Defs.' Mem. of Law in Support of S.J., *New York State Police Investigators Ass'n v. New York*, Dkt. No. 88-1, No. 11-cv-1527 (N.D.N.Y. Nov. 3, 2017), and in its reply brief "that retirees have a vested right to continued health insurance benefits," Defs.' Reply Mem. of Law in Support of S.J., *New York State Police Investigators Ass'n v. New York*, Dkt. No. 98, 11-cv-1527 (N.D.N.Y. Jan. 26, 2018), the State conceded that at the time of the rate modification, it was obligated to continue providing coverage to NYSPIA retirees at the same contribution rate set forth at the time of their retirement. However, the claimed concession does not follow from the quoted passages. As explained above and in *Donohue II*, 980 F.3d at 73, a reference to the same "coverage" or "benefits" does not necessarily include contribution rates. Conceding an obligation to continue providing "coverage" or "benefits" therefore does not imply a concession that that

8

obligation includes a particular contribution rate.

We therefore hold that the district court correctly granted summary judgment to the State on the NYSPIA Plaintiffs' claims for the same reasons explained in *Donohue IV*, 32 F.4th at 206-11.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court