The New York State Law Enforcement Officers Union v. The State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand twenty-two.

PRESENT: JON O. NEWMAN,
               GERARD E. LYNCH,
                          *Circuit Judges.*[*]

———————————————————————

THE NEW YORK STATE LAW
ENFORCEMENT OFFICERS UNION
COUNCIL 82, AFSCME, AFL-CIO, JAMES
LYMAN, AS EXECUTIVE DIRECTOR OF
THE THE NEW YORK STATE LAW
ENFORCEMENT OFFICERS UNION,
COUNCIL 82, AFSCME, AFL-CIO,
MICHAEL LADUE, INDIVIDUALLY AND
AS PRESIDENT OF LOCAL 2951, ROBERT
H. BECK, JR., INDIVIDUALLY AND AS A
MEMBER OF LOCAL 635SS, JOHN

---

[*] Judge Peter W. Hall, originally a member of the panel in this case, died on March 11, 2021. The two remaining members of the panel, who are in agreement, authorized the issuance of this Summary Order. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

TREMARK, INDIVIDUALLY AND AS PRESIDENT OF LOCAL 2337, SECURITY AND LAW ENFORCEMENT EMPLOYEES, COUNCIL 82 AFSCME, AFL-CIO, GARY TAVORMINA, INDIVIDUALLY, AND AS RETIREE CHAPTER 82 PRESIDENT OF THE SECURITY AND LAW ENFORCEMENT EMPLOYEES, COUNCIL 82, AFSCME, AFL-CIO, CHARLES KROM, SR., INDIVIDUALLY, AND AS RETIREE CHAPTER 82 VICE PRESIDENT OF THE SECURITY AND LAW ENFORCEMENT EMPLOYEES, COUNCIL 82, AFSCME, AFL-CIO, LAURA CESTARO, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, GERALD GALLO, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, DONALD SCHOEN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants*,

v.                                                     No. 18-3142-cv

PATRICIA A. HITE, INDIVIDUALLY, REBECCA A. CORSO, IN HER OFFICIAL CAPACITY AS ACTING COMMISSIONER, NEW YORK STATE CIVIL SERVICE DEPARTMENT, CAROLINE W. AHL, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE NEW YORK STATE CIVIL SERVICE COMMISSION, LANI V. JONES, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE NEW YORK STATE CIVIL SERVICE COMMISSION,

2

ROBERT L. MEGNA, INDIVIDUALLY,
ROBERT F. MUJICA, JR., IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF THE NEW
YORK STATE DIVISION OF THE
BUDGET, THOMAS P. DINAPOLI, IN HIS
OFFICIAL CAPACITY AS
COMPTROLLER OF THE STATE OF NEW
YORK, KATHLEEN C. HOCHUL, IN HER
OFFICIAL CAPACITY AS GOVERNOR OF
THE STATE OF NEW YORK,

*Defendants-Appellees.*[**]

———————————————————————

FOR PLAINTIFFS-APPELLANTS:     CHRISTINE CAPUTO GRANICH, New
                               York State Law Enforcement Officers
                               Union, Council 82, Albany, NY.

FOR DEFENDANTS-APPELLEES:      FREDERICK A. BRODIE, Assistant
                               Solicitor General (Barbara D. Underwood,
                               Solicitor General, Andrea Oser, Deputy
                               Solicitor General, *on the brief*), *for* Letitia
                               James, Attorney General, State of New
                               York, Albany, NY.

Appeal from the United States District Court for the Northern District of

New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants the New York State Law Enforcement Officers Union,

---

[**] The Clerk of Court is directed to amend the caption as set forth above. To the extent that former state officials were sued in their official capacity, current officeholders are substituted as defendants pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Council 82 ("Council 82") and current and former members of that union (collectively, "the Council 82 Plaintiffs") appeal the judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*) granting summary judgment to Defendants-Appellees, various State officials (collectively, "the State") on all claims in this contractual and constitutional dispute growing out of the State's 2011 decision to alter its rates of contribution to retired former employees' health insurance plans. We assume the parties' familiarity with the facts, the procedural history of the case, and the specifications of issues on appeal, which we set forth only as necessary to explain our decision.

We reserved decision in this case pending disposition of *Donohue v. Hochul*, No. 18-3193-cv, which was designated both in the district court and in this Court as the lead case of eleven related cases alleging breach of contract and constitutional contract-impairment claims based on the alteration of State health insurance contribution rates for retirees. Following this Court's final disposition of *Donohue*, we directed the parties in this and the other related cases "to file letter-briefs stating their views on how their case should be resolved in light of *Donohue v. Cuomo* ('*Donohue II*'), 980 F.3d 53 (2d Cir. 2020), *Donohue v. Cuomo* ('*Donohue III*'), 38 N.Y.3d 1 (2022), and *Donohue v. Hochul*, [32 F.4th 200 (2d Cir.

4

2022)] ('*Donohue IV*')," addressing in particular "the extent to which anything in the collective bargaining agreements at issue in the case, or any other circumstances specific to the case, distinguish the case from *Donohue*." ECF No. 115 at 2. In response, the Council 82 Plaintiffs filed a one-page supplemental letter-brief "refer[ring] the Court to Council 82's" original, pre-*Donohue II* briefs, which, in their view, show how "Council 82's contractual provisions, which are not entirely identical to [those at issue in *Donohue*], [] demonstrate the ambiguity created by such provisions concerning the existence of a lifetime vested right to continuous contribution rates for retirees." Appellants' Supp. Letter-Br. at 1.

The Council 82 Plaintiffs' breach of contract and contractual impairment claims, like those in *Donohue*, necessarily fail absent provisions guaranteeing a lifetime vested right to continuous contribution rates from the State for retirees. *See Donohue IV*, 32 F.4th at 206. The only CBA provision cited in the Council 82 Plaintiffs' original briefing not parallel to a provision discussed in *Donohue* provides that "[t]he State shall continue to provide all the forms and extent of coverage as defined by the contracts in force on [the date of the CBA] with the State's health and dental insurance carriers unless specifically modified or replaced pursuant to this Agreement." J. App'x at 399.

5

While not identical, that provision is similar to one at issue in *Donohue*, which provided that "[e]mployees covered by the State Health Insurance Plan have the right to retain health insurance after retirement upon completion of ten years of service." *Donohue II*, 980 F.3d at 72 (alteration in original). In *Donohue II*, before we had the benefit of the New York Court of Appeals's guidance, we noted that if "a 'right to retain coverage after retirement' is properly understood as a vested right . . . it is 'plausible' that the scope of a vested right to coverage would encompass a right to fixed costs such as co-pays or, perhaps, contribution rates." *Id.* at 73, quoting *Kolbe v. Tibbetts*, 22 N.Y.3d 344, 355 (2013). The same logic would seem to apply to a provision concerning "the forms and extent of coverage." J. App'x at 399. But the New York Court of Appeals made clear in *Donohue III* that such language cannot "establish a vested right to lifetime fixed premium contributions" that extends past the duration of the CBA, 38 N.Y.3d at 19, and we accordingly held in *Donohue IV*, applying New York law, that it cannot support an inference of ambiguity, 32 F.4th at 208. In other words, the provision that the Council 82 Plaintiffs cite in their original brief is silent on a continuing right to a particular level of contribution payments, and thus, like the plaintiffs in *Donohue*, the Council 82 Plaintiffs "ask us to infer ambiguity from

6

what the CBAs *do not say* rather than anything they *do say*," which, as a matter of New York law, we may not do, *Donohue IV*, 32 F.4th at 208; *see Donohue III*, 38 N.Y.3d at 17-18.

We therefore hold that the district court correctly granted summary judgment to the State on the Council 82 Plaintiffs' claims for the same reasons explained in *Donohue IV*, 32 F.4th at 206-11.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court