Spence v. State of New York

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand twenty-two.

PRESENT:  JON O. NEWMAN,
                   GERARD E. LYNCH,
                                        *Circuit Judges.*[*]

—————————————————————————

WAYNE SPENCE, AS PRESIDENT OF
THE NEW YORK STATE PUBLIC
EMPLOYEES FEDERATION, KAREN
DANISH, ON BEHALF OF THEMSELVES
AND ALL OTHERS SIMILARLY
SITUATED, JAMES CARR, ON BEHALF
OF THEMSELVES AND ALL OTHERS
SIMILARLY SITUATED, ROBERT H.
HARMS, JR., ON BEHALF OF

---

[*] Judge Peter W. Hall, originally a member of the panel in this case, died on March 11, 2021. The two remaining members of the panel, who are in agreement, authorized the issuance of this Summary Order. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, KENNETH R. HUNTER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, MARY REID, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, CALVIN THAYER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, RAYMOND FERRARO, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, NEW YORK STATE PUBLIC EMPLOYEES FEDERATION, AFL-CIO,

*Plaintiffs-Appellants*,

v.                                        No. 18-3140-cv

KATHLEEN C. HOCHUL, AS GOVERNOR OF THE STATE OF NEW YORK, PATRICIA A. HITE, INDIVIDUALLY, REBECCA A. CORSO, IN HER OFFICIAL CAPACITY AS ACTING COMMISSIONER, NEW YORK STATE CIVIL SERVICE DEPARTMENT, CAROLINE W. AHL, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE NEW YORK STATE CIVIL SERVICE COMMISSION, J. DENNIS HANRAHAN, INDIVIDUALLY, LANI V. JONES, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE NEW YORK STATE CIVIL SERVICE COMMISSION, ROBERT L. MEGNA, INDIVIDUALLY, ROBERT F. MUJICA, JR., IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE NEW YORK STATE DIVISION OF THE BUDGET, THOMAS P. DINAPOLI, IN HIS

2

OFFICIAL CAPACITY AS
COMPTROLLER OF THE STATE OF NEW
YORK, MICHAEL N. VOLFORTE, IN HIS
OFFICIAL CAPACITY AS EXECUTIVE
DIRECTOR OF THE NEW YORK STATE
GOVERNOR'S OFFICE OF EMPLOYEE
RELATIONS,

*Defendants-Appellees.*[**]

———————————————————————

FOR PLAINTIFFS-APPELLANTS:  JOHN D. SVARE, Public Employees
Federation, AFL-CIO, Albany, NY.

FOR DEFENDANTS-APPELLEES:  FREDERICK A. BRODIE, Assistant
Solicitor General (Barbara D. Underwood,
Solicitor General, Andrea Oser, Deputy
Solicitor General, *on the brief*), *for* Letitia
James, Attorney General, State of New
York, Albany, NY.

Appeal from the United States District Court for the Northern District of

New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants, current and former members of the Public

Employees Federation (collectively, "the PEF Plaintiffs"), appeal the judgment of

the United States District Court for the Northern District of New York (Mae A.

---

[**] The Clerk of Court is directed to amend the caption as set forth above. To the extent that former state officials were sued in their official capacity, current officeholders are substituted as defendants pursuant to Federal Rule of Appellate Procedure 43(c)(2).

D'Agostino, *J.*) granting summary judgment to Defendants-Appellees, various State officials (collectively, "the State"), on all claims in this contractual and constitutional dispute growing out of the State's 2011 decision to alter its rates of contribution to retired former employees' health insurance plans. We assume the parties' familiarity with the facts, the procedural history of the case, and the specifications of issues on appeal, which we set forth only as necessary to explain our decision.

We reserved decision in this case pending disposition of *Donohue v. Hochul*, No. 18-3193-cv, which was designated both in the district court and in this Court as the lead case of eleven related cases alleging breach of contract and constitutional contract-impairment claims based on the alteration of State health insurance contribution rates for retirees. Following this Court's final disposition of *Donohue*, we directed the parties in this and the other related cases "to file letter-briefs stating their views on how their case should be resolved in light of *Donohue v. Cuomo* (*'Donohue II'*), 980 F.3d 53 (2d Cir. 2020), *Donohue v. Cuomo* (*'Donohue III'*), 38 N.Y.3d 1 (2022), and *Donohue v. Hochul*, [32 F.4th 200 (2d Cir. 2022)] (*'Donohue IV'*)," addressing in particular "the extent to which anything in the collective bargaining agreements at issue in the case, or any other

4

circumstances specific to the case, distinguish the case from *Donohue*." ECF No. 139 at 2. In response, the PEF Plaintiffs conceded that they "see no substantive difference between PEF's collective bargaining agreement ('CBA') and [the *Donohue* plaintiffs'] CBA regarding retiree health insurance," and referred us to the arguments made in their original brief. Appellants' Supp. Letter-Br. at 1.

The PEF Plaintiffs' breach of contract and contractual impairment claims, like those in *Donohue*, necessarily fail absent provisions guaranteeing a lifetime vested right to continuous contribution rates from the State for retirees. *See Donohue IV*, 32 F.4th at 206. Moreover, because the PEF Plaintiffs now concede that their CBAs are materially indistinguishable from those in *Donohue* and simply refer us to their original brief, the PEF Plaintiffs may succeed only on the merits of any independent argument in that original brief that was not made in *Donohue*. The only CBA provision cited in the PEF Plaintiffs' original briefing not parallel to a provision discussed in *Donohue* provides that "[t]he State shall continue to provide all the forms and extent of coverage as defined by the contracts in force on [the date of the CBA] with the State's health insurance carriers unless specifically modified by this Agreement." J. App'x at 1351.

While not identical, that provision is similar to one at issue in *Donohue*,

which provided that "[e]mployees covered by the State Health Insurance Plan have the right to retain health insurance after retirement upon completion of ten years of service." *Donohue II*, 980 F.3d at 72 (alteration in original). In *Donohue II*, before we had the benefit of the New York Court of Appeals's guidance, we noted that if "a 'right to retain coverage after retirement' is properly understood as a vested right . . . it is 'plausible' that the scope of a vested right to coverage would encompass a right to fixed costs such as co-pays or, perhaps, contribution rates." *Id.* at 73, quoting *Kolbe v. Tibbetts*, 22 N.Y.3d 344, 355 (2013). The same logic would seem to apply to a provision concerning "the forms and extent of coverage." J. App'x at 1351. But the New York Court of Appeals made clear in *Donohue III* that such language cannot "establish a vested right to lifetime fixed premium contributions" that extends past the duration of the CBA, 38 N.Y.3d at 19, and we accordingly held in *Donohue IV*, applying New York law, that it cannot support an inference of ambiguity, 32 F.4th at 208. In other words, the provision that the PEF Plaintiffs cite in their original brief is silent on a continuing right to a particular level of contribution payments, and thus, like the plaintiffs in *Donohue*, the PEF Plaintiffs "ask us to infer ambiguity from what the CBAs *do not say* rather than anything they *do say*," which, as a matter of New

6

York law, we may not do, *Donohue IV*, 32 F.4th at 208; *see Donohue III*, 38 N.Y.3d at 17-18.

We therefore hold that the district court correctly granted summary judgment to the State on the PEF Plaintiffs' claims for the same reasons explained in *Donohue IV*, 32 F.4th at 206-11.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7