Roberts v. The State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand twenty-two.

PRESENT:   JON O. NEWMAN,
          GERARD E. LYNCH,
                              *Circuit Judges.*[*]

—————————————————————————

LILLIAN ROBERTS, AS EXECUTIVE
DIRECTOR OF THE DISTRICT COUNCIL
37, AFSCME, AFL-CIO, DISTRICT
COUNCIL 37, AFSCME, AFL-CIO,
DENNIS IFILL, AS PRESIDENT OF THE
RENT REGULATION SERVICES UNIT
EMPLOYEES, LOCAL 1359, DISTRICT
COUNCIL 37, AFSCME, AFL-CIO, LOCAL
1359, RENT REGULATION SERVICES
EMPLOYEES, CLIFFORD KOPPELMAN,
AS PRESIDENT OF THE COURT,

---

[*] Judge Peter W. Hall, originally a member of the panel in this case, died on March 11, 2021. The two remaining members of the panel, who are in agreement, authorized the issuance of this Summary Order. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

COUNTY AND DEPARTMENT OF
PROBATION EMPLOYEES UNIT, LOCAL
1070, LOCAL 1070, COURT, COUNTY
AND DEPARTMENT OF PROBATION
EMPLOYEES, MILDRED BROWN, ON
BEHALF OF HERSELF AND ALL OTHERS
SIMILARLY SITUATED, SHANOMAE
WILTSHIRE, ON BEHALF OF HERSELF
AND ALL OTHERS SIMILARLY
SITUATED, NORMA GALLOWAY, ON
BEHALF OF HERSELF AND ALL OTHERS
SIMILARLY SITUATED, CHARMAINE
HARDAWAY, ON BEHALF OF HERSELF
AND ALL OTHERS SIMILARLY
SITUATED, MAURICE BOUYEA, ON
BEHALF OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED, STEVEN
SCHWARTZ, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY
SITUATED,

*Plaintiffs-Appellants*,

v.                                    No. 18-3172-cv

KATHLEEN C. HOCHUL, AS
GOVERNOR OF THE STATE OF NEW
YORK, REBECCA A. CORSO, AS ACTING
COMMISSIONER, NEW YORK STATE
CIVIL SERVICE DEPARTMENT,
CAROLINE W. AHL, AS COMMISSIONER
OF THE NEW YORK STATE CIVIL
SERVICE COMMISSION, LANI V. JONES,
AS COMMISSIONER OF THE NEW YORK
STATE CIVIL SERVICE COMMISSION,
ROBERT F. MUJICA, JR., AS DIRECTOR
OF THE NEW YORK STATE DIVISION OF
THE BUDGET, THOMAS P. DINAPOLI,
AS COMPTROLLER OF THE STATE OF

2

NEW YORK,

*Defendants-Appellees.*\*\*

— — — — — — — — — — — — — — — — — — — — — — — — —

FOR PLAINTIFFS-APPELLANTS:   ERICA C. GRAY-NELSON, District
Council 37, American Federation of State,
County & Municipal Employees, AFL-CIO,
New York, NY.

FOR DEFENDANTS-APPELLEES:   FREDERICK A. BRODIE, Assistant
Solicitor General (Barbara D. Underwood,
Solicitor General, Andrea Oser, Deputy
Solicitor General, *on the brief*), *for* Letitia
James, Attorney General, State of New
York, Albany, NY.

Appeal from the United States District Court for the Northern District of
New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants, District Council 37 of the American Federation of
State, County & Municipal Employees, AFL-CIO ("AFSCME") and current and
former members of that union (collectively, "the AFSCME Plaintiffs") appeal the
judgment of the United States District Court for the Northern District of New

---

\*\* The Clerk of Court is directed to amend the caption as set forth above. To the extent that
former state officials were sued in their official capacity, current officeholders are substituted
as defendants pursuant to Federal Rule of Appellate Procedure 43(c)(2).

York (Mae A. D'Agostino, *J.*) granting summary judgment to Defendants-Appellees, various State officials (collectively, "the State") on all claims in this contractual and constitutional dispute growing out of the State's 2011 decision to alter its rates of contribution to retired former employees' health insurance plans. We assume the parties' familiarity with the facts, the procedural history of the case, and the specifications of issues on appeal, which we set forth only as necessary to explain our decision.

We reserved decision in this case pending disposition of *Donohue v. Hochul*, No. 18-3193-cv, which was designated both in the district court and in this Court as the lead case of eleven related cases alleging breach of contract and constitutional contract-impairment claims based on the alteration of State health insurance contribution rates for retirees. Following this Court's final disposition of *Donohue*, we directed the parties in this and the other related cases "to file letter-briefs stating their views on how their case should be resolved in light of *Donohue v. Cuomo* ('*Donohue II*'), 980 F.3d 53 (2d Cir. 2020), *Donohue v. Cuomo* ('*Donohue III*'), 38 N.Y.3d 1 (2022), and *Donohue v. Hochul*, [32 F.4th 200 (2d Cir. 2022)] ('*Donohue IV*')," addressing in particular "the extent to which anything in the collective bargaining agreements at issue in the case, or any other

circumstances specific to the case, distinguish the case from *Donohue*." ECF No. 119 at 2. In response, the AFSCME Plaintiffs filed a supplemental letter-brief arguing that, "[i]n light of record evidence, sufficient ambiguity exists concerning whether an implied contract existed between the parties to support a reversal of summary judgement [*sic*] in favor of Defendants-Appellees." Appellants' Supp. Letter-Br. at 3-4.

The AFSCME Plaintiffs' breach of contract and contractual impairment claims, like those in *Donohue*, necessarily fail without a lifetime vested right to continuous contribution rates from the State for retirees. *See Donohue IV*, 32 F.4th at 206. We may consider any record evidence of the parties' subjective intent on that point, however compelling it may be, only if the language of the CBAs is ambiguous. *Donohue III*, 38 N.Y.3d at 12-13. We therefore look to the arguments about the text of the CBAs made in the AFSCME Plaintiffs' original briefs. The AFSCME Plaintiffs represent both executive-branch and judicial-branch employees, each of which have different CBAs.

With respect to executive employees, the AFSCME Plaintiffs relied in their original brief on only one CBA provision with no parallel discussed in *Donohue*. That provision, Section 9.1 of the executive-branch CBA, provides that "[t]he State shall continue to provide all the forms and extent of coverage as defined by

the contracts in force on [the date of the CBA] with the State's health insurance carriers unless specifically modified or replaced pursuant to this Agreement." J. App'x at 387. While not identical, that provision is similar to one at issue in *Donohue*, which provided that "[e]mployees covered by the State Health Insurance Plan have the right to retain health insurance after retirement upon completion of ten years of service." *Donohue II*, 980 F.3d at 72 (alteration in original). In *Donohue II*, before we had the benefit of the New York Court of Appeals's guidance, we noted that if "a 'right to retain coverage after retirement' is properly understood as a vested right . . . it is 'plausible' that the scope of a vested right to coverage would encompass a right to fixed costs such as co-pays or, perhaps, contribution rates." *Id.* at 73, quoting *Kolbe v. Tibbetts*, 22 N.Y.3d 344, 355 (2013). The same logic would seem to apply to a provision concerning "the forms and extent of coverage." J. App'x at 387. But the New York Court of Appeals made clear in *Donohue III* that such language cannot "establish a vested right to lifetime fixed premium contributions" that extends past the duration of the CBA, 38 N.Y.3d at 19, and we accordingly held in *Donohue IV*, applying New York law, that it cannot support an inference of ambiguity, 32 F.4th at 208. In other words, Section 9.1 is silent on a continuing right to a particular level of

6

contribution payments, and thus, like the plaintiffs in *Donohue*, the AFSCME

Plaintiffs "ask us to infer ambiguity from what the CBAs *do not say* rather than

anything they *do say*," which, as a matter of New York law, we may not do,

*Donohue IV*, 32 F.4th at 208; *see Donohue III*, 38 N.Y.3d at 17-18.

With respect to judicial employees, the AFSCME Plaintiffs relied in their

original brief primarily on Section 8.1 of the 2007-2011 judicial-branch CBA,

which provides:

> The State shall continue to provide health and
> prescription drug benefits administered by the
> Department of Civil Service. Employees enrolled in
> such plans shall receive health and prescription drug
> benefits to the same extent, at the same contribution
> level and in the same form and with the same co-
> payment structure that applies to the majority of
> represented Executive Branch employees covered by
> such plans.

J. App'x at 780. The AFSCME Plaintiffs argue that whether Section 8.1 creates a

vested lifetime right to continuous contribution rates for retirees is ambiguous,

because that provision, unlike any of those at issue in *Donohue*, expressly

mentions contribution rates. That argument is not persuasive. To be sure, Section

8.1 does mention contribution rates. Conspicuously absent, however, is any

language that one could reasonably read as referring to a vested right to a

7

*continuous* contribution rate for retirees for any duration other than the duration of the CBAs.

By its plain terms, Section 8.1 of the 2007-2011 judicial-branch CBA entitles employees covered by that CBA to coverage "at the same contribution level" that the State paid for "the majority of represented Executive Branch employees." J. App'x at 780. Tying the contribution rates to those of the majority of represented executive-branch employees cannot in itself create a lifetime vested right to continuous contribution rates for retirees, because the majority of represented executive-branch employees were represented by the Civil Service Employees Association ("CSEA"), whose CBAs, we held in *Donohue IV*, did not create such a right. 32 F.4th at 207-09. Moreover, there is no language in Section 8.1 that one could reasonably read as freezing the covered employees' contribution rates *in perpetuity* at the rates that the State paid for the majority of represented executive employees at the time of any given CBA, since that provision includes no specific durational language. Again, the AFSCME Plaintiffs argue for an impermissible inference of ambiguity from silence.

We therefore hold that the district court correctly granted summary judgment to the State on the AFSCME Plaintiffs' claims for the same reasons

8

explained in *Donohue IV*, 32 F.4th at 206-11.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court