New York State Court Officers Association v. Hite

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand twenty-two.

PRESENT:  JON O. NEWMAN,
                     GERARD E. LYNCH,
                                      *Circuit Judges.*[*]

——————————————————————————

NEW YORK STATE COURT OFFICERS
ASSOCIATION, ON ITS OWN BEHALF
AND ON BEHALF OF ITS CURRENT
AND RETIRED MEMBERS AND THEIR
DEPENDENTS,

                         *Plaintiffs-Appellants*,

             v.                                              No. 18-3221-cv

REBECCA A. CORSO, IN HER OFFICIAL

---

[*] Judge Peter W. Hall, originally a member of the panel in this case, died on March 11, 2021. The two remaining members of the panel, who are in agreement, authorized the issuance of this Summary Order. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

CAPACITY AS ACTING COMMISSIONER
OF THE NEW YORK STATE
DEPARTMENT OF CIVIL SERVICE,
CAROLINE W. AHL, IN HER OFFICIAL
CAPACITY AS COMMISSIONER OF THE
NEW YORK STATE CIVIL SERVICE
COMMISSION, LANI V. JONES, IN HER
OFFICIAL CAPACITY AS
COMMISSIONER OF THE NEW YORK
STATE CIVIL SERVICE COMMISSION,
ROBERT F. MUJICA, JR., IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF THE NEW
YORK STATE DIVISION OF THE
BUDGET, THOMAS P. DINAPOLI, IN HIS
OFFICIAL CAPACITY AS
COMPTROLLER OF THE STATE OF NEW
YORK, JANET DIFIORE, IN HER
OFFICIAL CAPACITY AS CHIEF JUDGE
OF THE UNIFIED COURT SYSTEM,

*Defendants-Appellees.*[**]

———————————————————————————

FOR PLAINTIFFS-APPELLANTS: STEPHEN G. DENIGRIS, The DeNigris Law Firm, PLLC, Albany, NY.

FOR DEFENDANTS-APPELLEES: FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from the United States District Court for the Northern District of

_____

[**] The Clerk of Court is directed to amend the caption as set forth above. To the extent that former state officials were sued in their official capacity, current officeholders are substituted as defendants pursuant to Federal Rule of Appellate Procedure 43(c)(2).

New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant the New York State Court Officers Association ("NYSCOA") appeals the judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*) granting summary judgment to Defendants-Appellees, various State officials (collectively, "the State") on all claims in this contractual and constitutional dispute growing out of the State's 2011 decision to alter its rates of contribution to retired former employees' health insurance plans. We assume the parties' familiarity with the facts, the procedural history of the case, and the specifications of issues on appeal, which we set forth only as necessary to explain our decision.

We reserved decision in this case pending disposition of *Donohue v. Hochul*, No. 18-3193-cv, which was designated both in the district court and in this Court as the lead case of eleven related cases alleging breach of contract and constitutional contract-impairment claims involving the alteration of State health insurance contribution rates for retirees. Following this Court's final disposition of *Donohue*, we directed the parties in this and the other related cases "to file

3

letter-briefs stating their views on how their case should be resolved in light of *Donohue v. Cuomo* ('*Donohue II*'), 980 F.3d 53 (2d Cir. 2020), *Donohue v. Cuomo* ('*Donohue III*'), 38 N.Y.3d 1 (2022), and *Donohue v. Hochul*, [32 F.4th 200 (2d Cir. 2022)] ('*Donohue IV*')," addressing in particular "the extent to which anything in the collective bargaining agreements at issue in the case, or any other circumstances specific to the case, distinguish the case from *Donohue*." ECF No. 106 at 2. The State filed such a supplemental letter-brief, and NYSCOA filed a letter informing this Court that it does not oppose the State's filing. We construe that non-opposition as a concession that this case is materially indistinguishable from *Donohue* and therefore that we should affirm the district court's grant of summary judgment on the same grounds as we did in *Donohue IV*.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4