Police Benevolent Association v. The State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand twenty-two.

PRESENT: JON O. NEWMAN,
           GERARD E. LYNCH,
                       *Circuit Judges.*[*]

————————————————————————

POLICE BENEVOLENT ASSOCIATION
OF NEW YORK STATE, INC., BY ITS
PRESIDENT MANUEL M. VILAR,
MANUEL M. VILAR, INDIVIDUALLY,
JAMES MCCARTNEY, ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY
SITUATED, THOMAS D. SMITH, ON
BEHALF OF HIMSELF AND ALL OTHERS
SIMILARLY SITUATED, FRANK R.
DELLES, PENELOPE WHEELER, ON
BEHALF OF HERSELF AND ALL OTHERS

---

[*] Judge Peter W. Hall, originally a member of the panel in this case, died on March 11, 2021. The two remaining members of the panel, who are in agreement, authorized the issuance of this Summary Order. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

SIMILARLY SITUATED,

> *Plaintiffs-Appellants*,

v.                                        No. 18-3183-cv

KATHLEEN C. HOCHUL, IN HER
OFFICIAL CAPACITY AS GOVERNOR OF
THE STATE OF NEW YORK, PATRICIA A.
HITE, INDIVIDUALLY, REBECCA A.
CORSO, IN HER OFFICIAL CAPACITY AS
ACTING COMMISSIONER OF THE NEW
YORK STATE DEPARTMENT OF CIVIL
SERVICE, CAROLINE W. AHL, IN HER
OFFICIAL CAPACITY AS
COMMISSIONER OF THE NEW YORK
STATE CIVIL SERVICE COMMISSION,
LANI V. JONES, IN HER OFFICIAL
CAPACITY AS COMMISSIONER OF THE
NEW YORK STATE CIVIL SERVICE
COMMISSION, ROBERT L. MEGNA,
INDIVIDUALLY, ROBERT F. MUJICA, JR.,
IN HIS OFFICIAL CAPACITY AS
DIRECTOR OF THE NEW YORK STATE
DIVISION OF THE BUDGET, THOMAS P.
DINAPOLI, IN HIS OFFICIAL CAPACITY
AS COMPTROLLER OF THE STATE OF
NEW YORK,

> *Defendants-Appellees*,

STATE OF NEW YORK, NEW YORK
STATE DEPARTMENT OF CIVIL
SERVICE, NEW YORK STATE CIVIL
SERVICE COMMISSION, NEW YORK
STATE AND LOCAL RETIREMENT
SYSTEM, NEW YORK STATE POLICE
AND FIRE RETIREMENT SYSTEM,

2

*Defendants*.

– – – – – – – – – – – – – – – – – – – – – – – – – – – –

FOR PLAINTIFFS-APPELLANTS:   RICHARD C. REILLY, Gleason, Dunn, Walsh & O'Shea, Albany, NY.

FOR DEFENDANTS-APPELLEES:   FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants the Police Benevolent Association of New York State, Inc. ("PBANYS") and current and former members of that union (collectively, "the PBANYS Plaintiffs") appeal the judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*) granting summary judgment to Defendants-Appellees, various State officials (collectively, "the State") on all claims in this contractual and constitutional dispute growing out of the State's 2011 decision to alter its rates of contribution to retired former employees' health insurance plans. We assume the parties' familiarity with the

3

facts, the procedural history of the case, and the specifications of issues on appeal, which we set forth only as necessary to explain our decision.

We reserved decision in this case pending disposition of *Donohue v. Hochul*, No. 18-3193-cv, which was designated both in the district court and in this Court as the lead case of eleven related cases alleging breach of contract and constitutional contract-impairment claims based on the alteration of State health insurance contribution rates for retirees. Following this Court's final disposition of *Donohue*, we directed the parties in this and the other related cases "to file letter-briefs stating their views on how their case should be resolved in light of *Donohue v. Cuomo* ('*Donohue II*'), 980 F.3d 53 (2d Cir. 2020), *Donohue v. Cuomo* ('*Donohue III*'), 38 N.Y.3d 1 (2022), and *Donohue v. Hochul*, [32 F.4th 200 (2d Cir. 2022)] ('*Donohue IV*')," addressing in particular "the extent to which anything in the collective bargaining agreements at issue in the case, or any other circumstances specific to the case, distinguish the case from *Donohue*." ECF No. 139 at 2. The PBANYS Plaintiffs filed no such letter-brief.

The PBANYS Plaintiffs' breach of contract and contractual impairment claims, like those in *Donohue*, necessarily fail absent provisions guaranteeing a lifetime vested right to continuous contribution rates from the State for retirees.

*See Donohue IV*, 32 F.4th at 206. Moreover, because the PBANYS Plaintiffs filed no supplemental letter-brief, we assume that they intend to rest on their original brief, and they may succeed only on the merits of any independent argument in that original brief that was not made in *Donohue*. The only CBA provision cited in the PBANYS Plaintiffs' original briefing not parallel to a provision discussed in *Donohue* provides that "[t]he State shall continue to provide all the forms and extent of coverage as defined by the contracts in force on [the date of the CBA] with the State's health insurance carriers unless specifically modified or replaced pursuant to this Agreement." J. App'x at 1259.

While not identical, that provision is similar to one at issue in *Donohue*, which provided that "[e]mployees covered by the State Health Insurance Plan have the right to retain health insurance after retirement upon completion of ten years of service." *Donohue II*, 980 F.3d at 72 (alteration in original). In *Donohue II*, before we had the benefit of the New York Court of Appeals's guidance, we noted that if "a 'right to retain coverage after retirement' is properly understood as a vested right . . . it is 'plausible' that the scope of a vested right to coverage would encompass a right to fixed costs such as co-pays or, perhaps, contribution rates." *Id.* at 73, quoting *Kolbe v. Tibbetts*, 22 N.Y.3d 344, 355 (2013). The same logic would seem to apply to a provision concerning "the forms and extent of

coverage." J. App'x at 1259. But the New York Court of Appeals made clear in *Donohue III* that such language cannot "establish a vested right to lifetime fixed premium contributions" that extends past the duration of the CBA, 38 N.Y.3d at 19, and we accordingly held in *Donohue IV*, applying New York law, that it cannot support an inference of ambiguity, 32 F.4th at 208. In other words, the provision that the PBANYS Plaintiffs cite in their original brief is silent on a continuing right to a particular level of contribution payments, and thus, like the plaintiffs in *Donohue*, the PBANYS Plaintiffs "ask us to infer ambiguity from what the CBAs *do not say* rather than anything they *do say*," which, as a matter of New York law, we may not do, *Donohue IV*, 32 F.4th at 208; *see Donohue III*, 38 N.Y.3d at 17-18.

We therefore hold that the district court correctly granted summary judgment to the State on the PBANYS Plaintiffs' claims for the same reasons explained in *Donohue IV*, 32 F.4th at 206-11.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

        FOR THE COURT:
        Catherine O'Hagan Wolfe, Clerk of Court

6