Kreh v. Cuomo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand twenty-two.

PRESENT:   JON O. NEWMAN,
                       GERARD E. LYNCH,
                                           *Circuit Judges.*[*]

———————————————————————————

DAVID KREH, INDIVIDUALLY AND ON
BEHALF OF ALL PERSONS SIMILARLY
SITUATED, FKA HYMAN KURITZ,
ALVIN MAGID, INDIVIDUALLY AND
ON BEHALF OF ALL PERSONS
SIMILARLY SITUATED, SARA A. KNAPP,
INDIVIDUALLY AND ON BEHALF OF
ALL PERSONS SIMILARLY SITUATED,
LAWRENCE S. WITTNER,
INDIVIDUALLY AND ON BEHALF OF
ALL PERSONS SIMILARLY SITUATED,

---

[*] Judge Peter W. Hall, originally a member of the panel in this case, died on March 11, 2021. The two remaining members of the panel, who are in agreement, authorized the issuance of this Summary Order. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

UNITED UNIVERSITY PROFESSIONS,
FREDERICK E. KOWAL, AS PRESIDENT
OF THE UNITED UNIVERSITY
PROFESSIONS,

*Plaintiffs-Appellants*,

v.                                                      No. 18-3220-cv

KATHLEEN C. HOCHUL, IN HER
OFFICIAL CAPACITY AS GOVERNOR OF
THE STATE OF NEW YORK, REBECCA A.
CORSO, IN HER OFFICIAL CAPACITY AS
ACTING PRESIDENT OF THE NEW
YORK STATE CIVIL SERVICE
COMMISSION AND AS ACTING
COMMISSIONER OF THE NEW YORK
STATE DEPARTMENT OF CIVIL
SERVICE, CAROLINE W. AHL, IN HER
OFFICIAL CAPACITY AS
COMMISSIONER OF THE NEW YORK
STATE CIVIL SERVICE COMMISSION,
LANI V. JONES, IN HER OFFICIAL
CAPACITY AS COMMISSIONER OF THE
NEW YORK STATE CIVIL SERVICE
COMMISSION, ROBERT F. MUJICA, JR.,
IN HIS OFFICIAL CAPACITY AS
DIRECTOR OF THE NEW YORK STATE
DIVISION OF THE BUDGET, MICHAEL
N. VOLFORTE, IN HIS OFFICIAL
CAPACITY AS DIRECTOR OF THE NEW
YORK STATE GOVERNOR'S OFFICE OF
EMPLOYEE RELATIONS, THOMAS P.
DINAPOLI, IN HIS OFFICIAL CAPACITY
AS COMPTROLLER OF THE STATE OF
NEW YORK,

2

*Defendants-Appellees.*[**]

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

FOR PLAINTIFFS-APPELLANTS: ROBERT T. O'REILLY, New York State United Teachers, Latham, NY.

FOR DEFENDANTS-APPELLEES: FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-Appellants the United University Professions ("UUP") and current and former members of that union (collectively, "the UUP Plaintiffs") appeal the judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*) granting summary judgment to Defendants-Appellees, various State officials (collectively, "the State") on all claims in this contractual and constitutional dispute growing out of the State's 2011 decision to

[**] The Clerk of Court is directed to amend the caption as set forth above. To the extent that former state officials were sued in their official capacity, current officeholders are substituted as defendants pursuant to Federal Rule of Appellate Procedure 43(c)(2).

3

alter its rates of contribution to retired former employees' health insurance plans. We assume the parties' familiarity with the facts, the procedural history of the case, and the specifications of issues on appeal, which we set forth only as necessary to explain our decision.

We reserved decision in this case pending disposition of *Donohue v. Hochul*, No. 18-3193-cv, which was designated both in the district court and in this Court as the lead case of eleven related cases alleging breach of contract and constitutional contract-impairment claims based on the alteration of State health insurance contribution rates for retirees. Following this Court's final disposition of *Donohue*, we directed the parties in this and the other related cases "to file letter-briefs stating their views on how their case should be resolved in light of *Donohue v. Cuomo* ('*Donohue II*'), 980 F.3d 53 (2d Cir. 2020), *Donohue v. Cuomo* ('*Donohue III*'), 38 N.Y.3d 1 (2022), and *Donohue v. Hochul*, [32 F.4th 200 (2d Cir. 2022)] ('*Donohue IV*')," addressing in particular "the extent to which anything in the collective bargaining agreements at issue in the case, or any other circumstances specific to the case, distinguish the case from *Donohue*." ECF No. 133 at 2.

The UUP Plaintiffs' breach of contract and contractual impairment claims,

4

like those in *Donohue,* necessarily fail absent provisions guaranteeing a lifetime vested right to continuous contribution rates from the State for retirees. *See Donohue IV*, 32 F.4th at 206. In their original brief and their supplemental letter-brief, the UUP Plaintiffs argue that their CBAs create a lifetime vested right to continuous contribution rates for retirees, or are at least ambiguous on that point, because of two additional CBA provisions with no parallel discussed in *Donohue*.

The first provision, cited in the UUP Plaintiffs' original brief, provides that "[t]he State shall continue to provide all the forms and extent of coverage as defined by the contracts in force on [the date of the CBA] with the State's health insurance carriers unless specifically modified by this Agreement." J. App'x at 597. While not identical, that provision is similar to one at issue in *Donohue*, which provided that "[e]mployees covered by the State Health Insurance Plan have the right to retain health insurance after retirement upon completion of ten years of service." *Donohue II*, 980 F.3d at 72 (alteration in original). In *Donohue II*, before we had the benefit of the New York Court of Appeals's guidance, we noted that if "a 'right to retain coverage after retirement' is properly understood as a vested right . . . it is 'plausible' that the scope of a vested right to coverage would encompass a right to fixed costs such as co-pays or, perhaps, contribution

5

rates." *Id.* at 73, quoting *Kolbe v. Tibbetts*, 22 N.Y.3d 344, 355 (2013). The same logic

would seem to apply to a provision concerning "the forms and extent of

coverage." J. App'x at 597. But the New York Court of Appeals made clear in

*Donohue III* that such language cannot "establish a vested right to lifetime fixed

premium contributions" that extends past the duration of the CBA, 38 N.Y.3d at

19, and we accordingly held in *Donohue IV*, applying New York law, that it

cannot support an inference of ambiguity, 32 F.4th at 208. In other words, the first

provision that the UUP Plaintiffs cite is silent on a continuing right to a particular

level of contribution payments, and thus, like the plaintiffs in *Donohue*, the UUP

Plaintiffs "ask us to infer" the existence of a lifetime vested right for retirees, or at

least "ambiguity[,] from what the CBAs *do not say* rather than anything they *do*

*say*," which, as a matter of New York law, we may not do, *Donohue IV*, 32 F.4th at

208; *see Donohue III*, 38 N.Y.3d at 17-18.

The second provision, cited in the UUP Plaintiffs' supplemental letter-brief,

provides as follows:

> The Joint Committee on Health Benefits shall work with
> the appropriate State agencies to make mutually agreed
> upon changes in the Plan benefit structure through such
> initiatives as: . . . . The development, along with the
> State prior to the expiration of this contract, of a
> proposal to modify the manner in which employer

6

> contributions to retiree premiums are calculated in order to recognize and underscore the value of the services rendered to the State by its long-term employees.

J. App'x at 579. The UUP Plaintiffs argue that since negotiation of such a proposal could occur at any point up to the expiration of the CBA, that provision necessarily points toward changes to be made after the expiration of the CBA. But that provision is similarly silent as to the existence of a lifetime vested right to continuous contribution rates, and thus once again, the UUP Plaintiffs ask us to draw inferences that are impermissible as a matter of New York law. *See Donohue III*, 38 N.Y.3d at 17-18.

We therefore hold that the district court correctly granted summary judgment to the State on the UUP Plaintiffs' claims for the same reasons explained in *Donohue IV*, 32 F.4th at 206-11.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7