18-3122 (L)
Brown v. State of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of July, two thousand twenty-two.

PRESENT: JON O. NEWMAN,
                    GERARD E. LYNCH,
                                        *Circuit Judges.*[*]

———————————————————————————

JOHN STRANDBERG, AS PRESIDENT
AND ON BEHALF OF THE NEW YORK
STATE SUPREME COURT OFFICERS
ASSOCIATION, JOHN CLANCY, AS
PRESIDENT AND ON BEHALF OF THE
COURT OFFICERS BENEVOLENT
ASSOCIATION OF NASSAU COUNTY,
BRENDA LEVINSON, AS PRESIDENT
AND ON BEHALF OF THE COURT
ATTORNEYS ASSOCIATION OF THE
CITY OF NEW YORK, JOSEPH C. WALSH,

---

[*] Judge Peter W. Hall, originally a member of the panel in this case, died on March 11, 2021. The two remaining members of the panel, who are in agreement, authorized the issuance of this Summary Order. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457, 458-59 (2d Cir. 1998).

AS PRESIDENT AND ON BEHALF OF
THE NEW YORK STATE COURT CLERKS
ASSOCIATION,

*Plaintiffs-Appellants*,

v.

Nos. 18-3122-cv (L), 18-3166
(C), 18-3345 (C)

KATHLEEN C. HOCHUL, IN HER
OFFICIAL CAPACITY AS GOVERNOR OF
THE STATE OF NEW YORK, JANET
DIFIORE, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS CHIEF JUDGE
OF THE STATE OF NEW YORK,
LAWRENCE K. MARKS, IN HIS
OFFICIAL CAPACITY AS THE CHIEF
ADMINISTRATIVE JUDGE OF THE
COURTS OF NEW YORK STATE,
PATRICIA A. HITE, INDIVIDUALLY,
REBECCA A. CORSO, IN HER OFFICIAL
CAPACITY AS ACTING COMMISSIONER
OF THE NEW YORK STATE CIVIL
SERVICE DEPARTMENT, CAROLINE W.
AHL, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS
COMMISSIONER OF THE NEW YORK
STATE CIVIL SERVICE COMMISSION,
LANI V. JONES, IN HER OFFICIAL
CAPACITY AS COMMISSIONER OF THE
NEW YORK STATE CIVIL SERVICE
COMMISSION, ROBERT L. MEGNA,
INDIVIDUALLY, ROBERT F. MUJICA, JR.,
IN HIS OFFICIAL CAPACITY AS
DIRECTOR OF THE NEW YORK STATE
DIVISION OF THE BUDGET, THOMAS P.
DINAPOLI, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS
COMPTROLLER OF THE STATE OF NEW

YORK,

*Defendants-Appellees.***

— — — — — — — — — — — — — — — — — — — — — — — —

FOR PLAINTIFF-APPELLANTS:    STEPHEN G. DENIGRIS, The DeNigris Law Firm PLLC, Albany, NY, for Plaintiff-Appellant John Strandberg.

SETH H. GREENBERG, Greenberg Burzichelli Greenberg P.C., Lake Success, NY, for Plaintiffs-Appellants John Clancy, Brenda Levinson, and Joseph Walsh.

FOR DEFENDANTS-APPELLEES:    FREDERICK A. BRODIE, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

---

** The Clerk of Court is directed to amend the caption as set forth above. To the extent that former state officials were sued in their official capacity, current officeholders are substituted as defendants pursuant to Federal Rule of Appellate Procedure 43(c)(2). Former New York Governor Andrew M. Cuomo, named as a defendant in both his individual and official capacities below, moved to be stricken from the caption because the district court dismissed the individual-capacity claims against him in an earlier order, *see Brown v. New York*, 975 F. Supp. 2d 209, 243 (N.D.N.Y. 2013), and Plaintiffs-Appellants did not pursue those claims any further, in the district court or on appeal. That motion is GRANTED. J. Dennis Hanrahan and A. Gail Prudenti, also sued in their individual capacities below (and also dismissed from the case in the district court), are stricken from the caption for the same reason.

Plaintiffs-Appellants, officers of the New York State Supreme Court Officers Association, the Court Officers Benevolent Association of Nassau County, the Court Attorneys Association of the City of New York, and the New York State Court Clerks Association (collectively, "the Court Employee Union Plaintiffs"), appeal the judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *J.*) granting summary judgment to Defendants-Appellees, various State officials (collectively, "the State") on all claims in this contractual and constitutional dispute growing out of the State's 2011 decision to alter its rates of contribution to active and retired former employees' health insurance plans. We assume the parties' familiarity with the facts, the procedural history of the case, and the specifications of issues on appeal, which we set forth only as necessary to explain our decision.

We reserved decision in this case pending disposition of *Donohue v. Hochul*, No. 18-3193-cv, which was designated both in the district court and in this Court as the lead case of eleven related cases alleging breach of contract and constitutional contract-impairment claims based on the alteration of State health insurance contribution rates for retirees – and, in this case, active employees as well. Following this Court's final disposition of *Donohue*, we directed the parties in this and the other related cases "to file letter-briefs stating their views on how

4

their case should be resolved in light of *Donohue v. Cuomo* ('*Donohue II*'), 980 F.3d 53 (2d Cir. 2020), *Donohue v. Cuomo* ('*Donohue III*'), 38 N.Y.3d 1 (2022), and *Donohue v. Hochul*, [32 F.4th 200 (2d Cir. 2022)] ('*Donohue IV*')," addressing in particular "the extent to which anything in the collective bargaining agreements at issue in the case, or any other circumstances specific to the case, distinguish the case from *Donohue*." ECF No. 119 at 2. In response, all of the Court Employee Union Plaintiffs except for Plaintiff-Appellant John Strandberg filed a supplemental letter-brief arguing that their CBAs are materially distinguishable from those at issue in *Donohue*, while Strandberg filed a letter informing this Court that he did not oppose the State's supplemental letter-brief.

The Court Employee Union Plaintiffs' breach of contract and contractual impairment claims, like those in *Donohue*, necessarily fail absent provisions guaranteeing a vested right to continuous contribution rates from the State. *See Donohue IV*, 32 F.4th at 206. In arguing that their CBA, unlike those at issue in *Donohue*, create such a right, the Court Employee Union Plaintiffs rely on Section 8.1 of their 2007-2011 CBA, which provides:

> The State shall continue to provide health and
> prescription drug benefits administered by the
> Department of Civil Service. Employees enrolled in
> such plans shall receive health and prescription drug

5

benefits to the same extent, at the same contribution level and in the same form and with the same co-payment structure that applies to the majority of represented Executive Branch employees covered by such plans.

J. App'x at 518. The Court Employee Union Plaintiffs argue that since they never negotiated a successor to their 2007-2011 CBA, that CBA remained in effect pursuant to N.Y. Civ. Serv. Law § 209-a(1)(e), and that Section 8.1 therefore entitled active employees (until the negotiation of such a successor agreement) and retirees for life to a continuous contribution rate equal to that applicable to the majority of represented executive-branch employees – 90 percent for individual coverage and 75 percent for dependent coverage.

The Court Employee Union Plaintiffs' argument fails with respect to active employees because Section 8.1 requires only parity with executive-branch employees, which the State's amendment of contribution rates for active employees preserved. The State does not dispute that the Court Employee Union Plaintiffs' 2007-2011 CBA remained in effect, but argues that Section 8.1 created "a floating contribution rate that varied with those applicable to executive-branch employees," even if that rate changes. Appellees' Resp. Supp. Letter-Br. at 4. We conclude that the State's reading is unambiguously correct. By its plain terms,

Section 8.1 entitles covered employees to coverage "at the same contribution level" that the State pays for "the majority of represented Executive Branch employees." J. App'x at 518. It does not qualify that entitlement by making an exception for subsequent changes to the contribution rates for executive-branch employees. In other words, by agreeing to Section 8.1, the Court Employee Union Plaintiffs agreed to tie their contribution rates to those for executive-branch employees rather than negotiating their own fixed rates. And when the State modified its contribution rates for executive and judicial employees alike, it continued to honor that agreement, and thus could not have breached the 2007-2011 CBA with respect to active employees or impaired its contractual obligations to those employees.

The Court Employee Union Plaintiffs' argument also fails with respect to retirees for the same reason, as well as for two additional reasons. First, tying covered employees' contribution rates to those of the majority of represented executive-branch employees cannot in itself create a lifetime vested right to continuous contribution rates for retirees, because the majority of represented executive-branch employees were represented by the Civil Service Employees Association ("CSEA"), whose CBAs, we held in *Donohue IV*, did not create such a

7

right. 32 F.4th at 207-09. Second, there is no language in Section 8.1 that one could reasonably read as freezing retirees' contribution rates *in perpetuity* at the rate paid for a majority of executive-branch employees at the time of retirement, since that provision makes no mention of retirees or of any temporal duration besides the duration of the CBA. In other words, even if active employees were entitled to a fixed contribution rate for the duration of the CBA, it would not follow from the express language of the CBA that retirees were entitled to that same rate for the rest of their lives. Thus, like the plaintiffs in *Donohue*, the Court Employee Union Plaintiffs "ask us to infer ambiguity from what the CBAs *do not say* rather than anything they *do say*," which, as a matter of New York law, we may not do. *Donohue IV*, 32 F.4th at 208; *see Donohue III*, 38 N.Y.3d at 17-18. We therefore hold that the district court correctly granted summary judgment to the State on the Court Employee Union Plaintiffs' claims with respect to retirees for the same reasons explained in *Donohue IV*, 32 F.4th at 206-11.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court