22-98-cv
*Aleksanian v. Uber Technologies Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand twenty-three.

PRESENT:     WILLIAM J. NARDINI,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.[*]

_____

LEVON ALEKSANIAN, individually, on
behalf of all others similarly situated, and as
Class Representatives; SONAM LAMA,
individually, on behalf of all others similarly
situated, and as Class Representatives;
HARJIT KHATRA, individually, on behalf of
all others similarly situated, and as Class
Representatives,

     *Plaintiffs-Appellants*,

     v.                                                                No. 22-98-cv

---

[*] Senior Circuit Judge Rosemary S. Pooler, originally a member of this panel, passed away on August 10, 2023. The two remaining members of the panel, who are in agreement, have determined the matter. See 28 U.S.C. §46(d); 2d Cir. IOP E(b); United States v. Desimone, 140 F.3d 457, 458-59 (2d Cir. 1998).

UBER TECHNOLOGIES INC., jointly and severally; UBER LOGISTIK, LLC, jointly and severally; UBER USA LLC,

*Defendants-Appellees*.

_____

FOR PLAINTIFFS-APPELLANTS: ZUBIN SOLEIMANY, New York Taxi Workers Alliance, Long Island City, NY (Jeanne E. Mirer, Julien Mirer & Singla, PLLC, New York, NY, *on the brief*).

FOR DEFENDANTS-APPELLEES: ADAM G. UNIKOWSKY, Jenner & Block LLP, Washington, D.C. (Jeremy Micah Creelan, Jenner & Block LLP, New York, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Carter, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED**, and this matter is **REMANDED** for further proceedings consistent with this order.

Plaintiffs-appellants Levon Aleksanian, Sonam Lama, and Harjit Khatra, individually and as class representatives of all others similarly situated (collectively, the "Drivers"), appeal from the December 29, 2021, judgment of the District Court (Carter, J.) denying the Drivers' motion for limited discovery; granting the motion to compel arbitration filed by defendants-appellees Uber Technologies Inc., Uber Logistik, LLC, and Uber USA LLC (collectively, "Uber"); and dismissing the case. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal,

and recite them herein only as necessary.

## I.    Background

### A.    The Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides: "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. §2. Under the FAA, litigants can petition a United States district court "for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. §4. However, the FAA's authority to compel arbitration "doesn't extend to <u>all</u> private contracts, no matter how emphatically they may express a preference for arbitration." <u>New Prime Inc. v. Oliveira</u>, 586 U.S. ---, 139 S. Ct. 532, 537 (2019). As relevant here, Section 1 of the FAA sets forth an exemption, providing that "nothing [within the FAA] shall apply to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. §1.

### B.    Factual Background and Procedural History

The Drivers are current and former rideshare drivers who contracted with Uber to drive cars as part of Uber's New York City fleet. On November 6, 2019, the Drivers filed a class-action complaint against Uber, alleging that Uber breached its contracts with the Drivers by unlawfully deducting certain amounts from the Drivers' earnings. In response, on May 1, 2020, Uber moved to compel arbitration pursuant to the arbitration agreements

contained in the Software License Agreement and the Technology Services Agreement[1] that the Drivers accepted, and did not opt out of, when they agreed to download the driver version of the Uber app and drive for Uber.[2] The Drivers opposed Uber's motion to compel arbitration on the grounds that they belong to a class of workers that was engaged in interstate commerce and are thus exempt from the FAA, and moved to allow limited discovery on that issue to rebut statistics and data relied upon by Uber in support of its motion to compel arbitration.

On March 8, 2021, the District Court denied the Drivers' motion to allow discovery, granted Uber's motion to compel arbitration, and dismissed the case. The District Court denied the motion for limited discovery because it "conclude[d] that this issue can be decided on the face of the complaint . . . ." Aleksanian v. Uber Techs. Inc., 524 F. Supp. 3d 251, 258 (S.D.N.Y. 2021), reconsideration denied, No. 1:19CV10308(ALC), 2021 WL 6137095 (S.D.N.Y. Dec. 29, 2021). The District Court found that the Drivers were not exempt from arbitration under Section 1 of the FAA because they did not belong to a "class of workers engaged in . . . interstate commerce."

---

[1] We agree with the District Court that these agreements are "integral" to the Complaint because the Complaint references them several times. See Aleksanian v. Uber Techs. Inc., 524 F. Supp. 3d 251, 254 n.3 (S.D.N.Y. 2021), reconsideration denied, No. 1:19CV10308(ALC), 2021 WL 6137095 (S.D.N.Y. Dec. 29, 2021).

[2] As the District Court correctly noted, while Appellant Aleksanian accepted the Software License Agreement, and Appellants Lama and Khatra accepted the Technology Services Agreement, "the agreements are substantially similar in regard to the relevant provisions . . . ." Aleksanian, 524 F. Supp. 3d at 255 n.4. On appeal, the parties focus their attention on the language of the Technology Services Agreement.

4

Id. at 259 (quoting 9 U.S.C. §1). The Drivers moved for reconsideration under Federal Rule of Civil Procedure 59(e); the District Court denied that motion, and the Drivers timely appealed.

## II. Standard of Review

"We review de novo the district court's order compelling arbitration." Bissonnette v. LePage Bakeries Park St., LLC, 49 F.4th 655, 659 (2d Cir. 2022), cert. granted sub nom. Bissonnette v. LePage Bakeries Park St., No. 23-51, 2023 WL 6319660 (U.S. Sept. 29, 2023). Ordinarily, "[c]ourts deciding motions to compel [arbitration] apply a standard similar to that applicable for a motion for summary judgment." Meyer v. Uber Techs., Inc., 868 F.3d 66, 74 (2d Cir. 2017) (citation and quotations omitted). However, "where the issue of whether the residual clause of §1 of the FAA applies arises in a motion to compel arbitration, the motion to dismiss standard applies if the complaint and incorporated documents provide a sufficient factual basis for deciding the issue." Singh v. Uber Techs. Inc., 939 F.3d 210, 218 (3d Cir. 2019) (Singh I); see also Moss v. BMO Harris Bank, N.A., 24 F. Supp. 3d 281, 285 (E.D.N.Y. 2014) ("[W]hen a court considers the motion to compel before discovery has taken place, and in the context of a motion to dismiss, it treats the allegations in plaintiffs' complaint as true." (citing Lismore v. Societe Generale Energy Corp., No. 1:11CV06705(AJN), 2012 WL 3577833, at *1 (S.D.N.Y. Aug. 17, 2012))).

If the complaint and incorporated documents fail to provide an adequate basis for deciding whether Section 1 of the FAA applies, "the parties should be entitled to

5

discovery on the question of arbitrability before a court entertains further briefing, with an application of the summary judgment standard to follow." Singh I, 939 F.3d at 218 (citation and quotation marks omitted); see also Golightly v. Uber Techs., Inc., No. 1:21CV03005(LJL), 2021 WL 3539146, at *2-4, 6 (S.D.N.Y. Aug. 11, 2021) (relying on Singh I and allowing limited discovery because the question of whether the FAA applied could not be answered from the face of the complaint).

## III. Additional Information Is Needed to Evaluate the Applicability of the FAA Section 1 Exemption.

The District Court concluded that it could determine whether the Drivers belonged to a class of workers engaged in interstate commerce under Section 1 of the FAA based solely on the Complaint and the incorporated arbitration agreements. Aleksanian, 524 F. Supp. 3d at 254 n.3, 258. We disagree. Because "the complaint and incorporated documents [do not] provide a sufficient factual basis for deciding the issue . . . the parties should be entitled to discovery on the question of arbitrability," after which the District Court should entertain additional briefing on the issue and apply the summary judgment standard in ruling on the issue. Singh I, 939 F.3d at 218 (citation and quotation marks omitted).

Each party advocates for a different test[3] to determine whether the "class of

---

[3] Other Courts of Appeals and district courts within our Circuit have articulated a variety of tests and relied on a variety of factors in examining Section 1 of the FAA. See, e.g., Capriole v. Uber Techs., Inc., 7 F.4th 854, 866 (9th Cir. 2021) (considering "whether the trips form part of a single, unbroken stream of interstate commerce that renders interstate travel a 'central part' of a rideshare driver's job description"); Cunningham v. Lyft, Inc., 17 F.4th 244, 252-53 (1st Cir. 2021) (analyzing (1) whether the class of workers "as a

workers" are "engaged in . . . interstate commerce" within the meaning of the statute. 9 U.S.C. §1. The Drivers, relying on Morris v. McComb, 332 U.S. 422 (1947), ask us to evaluate whether "interstate trips are a natural, integral, and inseparable part of their work." Appellants' Br. at 23 (quotation marks omitted); see also id. at 21-23. Conversely, Uber points to language in Southwest Airlines Co. v. Saxon, 596 U.S. 450 (2022), and asks us to evaluate whether "engaging in interstate commerce is work that the members of the class, as a whole, typically carry out." Appellees' Br. at 14 (citation and quotation marks omitted).

However the test is properly framed, the Complaint does not provide a sufficient factual record on which to evaluate the applicability of the Section 1 exemption. The Complaint provides some statistics pertaining to the interstate trips of plaintiffs-appellants Aleksanian and Lama, and states that "on information and belief, given his long history with Uber," plaintiff-appellant Khatra's statistics would be similar. Joint

whole" engages in interstate commerce, (2) whether the class of workers is "primarily devoted to the movement of goods and people beyond state boundaries," and (3) "the nature of the business for which a class of workers perform their activities" (citation and quotation marks omitted)); Singh v. Uber Techs., Inc., 67 F.4th 550, 560 (3d Cir. 2023), as amended (May 4, 2023) (Singh II) ("[T]o be central to a class of workers' job description, engagement with interstate commerce must be typical of the work that class members generally do."), as amended (May 4, 2023); Islam v. Lyft, Inc., 524 F. Supp. 3d 338, 351 (S.D.N.Y. 2021) (noting that "a class of transportation workers must perform more than a de minimis amount of interstate transportation" but that interstate travel need not be "the primary, daily function"), reconsideration denied, motion to certify appeal granted, No. 1:20CV03004(RA), 2021 WL 2651653 (S.D.N.Y. June 28, 2021), motion to certify appeal denied, No. 1:20CV03004(RA), 2021 WL 5762211 (S.D.N.Y. Dec. 3, 2021), and appeal withdrawn, No. 21-1772, 2021 WL 6520224 (2d Cir. Nov. 8, 2021).

App'x at 6; see also id. at 4-5. The Complaint makes some factual allegations that might impact this question, including Uber's imposition of a surcharge on trips between New York City and New Jersey, Uber's advertising of flat rates for trips between Manhattan and Newark International Airport, and Uber's maintenance of a deactivation policy that could terminate drivers' accounts for excessive cancellations. See id. at 10.

But the information in the Complaint "say[s] little about whether the class of transportation workers to which [Appellants Aleksanian, Lama, and Khatra] belong[ed] are engaged in interstate commerce or sufficiently related work." Singh I, 939 F.3d at 226. Because the issue cannot "be decided on the face of the complaint," Aleksanian, 524 F. Supp. 3d at 258, discovery is required, see Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016) (In ruling on a motion to compel arbitration, a court applies the "summary judgment standard" and must "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." (emphasis added) (citation and quotation marks omitted)); Singh I, 939 F.3d at 218.

Uber provided some potentially relevant information in affidavits submitted in support of its motion to compel arbitration, but the affidavits are neither incorporated into nor integral to the Complaint. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). The District Court does not appear to have considered these affidavits, and our consideration of them, without allowing the Drivers to conduct discovery, would be improper. See Lismore, 2012 WL 3577833, at *1 (Because "the Court permitted

8

Defendant to move for dismissal in favor of arbitration prior to the taking of any discovery . . . . the Court does not look beyond the allegations in the Complaint and exhibits attached thereto by Plaintiff . . . ."). And even if we were to consider Uber's affidavits, the information therein would be insufficient to resolve the inquiry in this case.[4]

As such, the District Court should permit the parties to conduct limited discovery addressing the question of whether the Drivers belong to a "class of workers engaged in foreign or interstate commerce." 9 U.S.C. §1. Such discovery is necessary under whatever test is adopted. The decisions of other courts suggest that information relevant to the Section 1 inquiry might include: Uber's policies regarding interstate trips; the potential penalties and costs of declining interstate trips; Uber's revenue from interstate trips; the average number of interstate trips Uber drivers take over various time periods (such as a week, a month, or a year); the median number of interstate trips for Uber drivers over various time periods; what percentage of Uber drivers take interstate trips over various time periods; how often Uber drivers decline interstate trips; and any other relevant information. Cf. Singh I, 939 F.3d at 227-28 (remanding for additional discovery regarding "the contents of the parties' agreement(s), information regarding the industry in which the class of workers is engaged, information regarding the work performed by

---

[4] One of Uber's affidavits is included in the Joint Appendix; it provides some limited statistics regarding the percentage of Uber trips that are interstate; the average distances and durations of interstate Uber trips; and some statistics about trips beginning and ending in the states of New York, California, and Massachusetts.

those workers, and various texts — i.e., other laws, dictionaries, and documents — that discuss the parties and the work," among other things); Singh II, 67 F.4th at 560 (evaluating the statistics and evidence made available "[t]hrough discovery" before concluding that "Uber drivers are not a class of workers engaged in interstate commerce").

Therefore, we remand to the District Court with the direction that it allow discovery before ruling on this question. After the parties have conducted appropriate discovery, the District Court should accept additional briefing and apply the summary judgment standard to determine whether the Drivers are exempt from the FAA under Section 1.[5]

## IV.     Conclusion

For the reasons stated, the judgment of the District Court is **VACATED**, and this matter is **REMANDED** for further proceedings consistent with this order.


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Uber also argues that even if the Drivers are exempt from the FAA, they should be compelled to arbitrate because the arbitration agreement is enforceable under New York state law. See generally Appellees' Br. at 43-57. The District Court may choose to address this question as a preliminary matter on remand, as appropriate.